UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO JAVIER LOPEZ MADRID,<br><br>　　　　Defendant. | Case No. 14-cr-00038-MAG-1   (MEJ)<br><br>**ORDER RE: MOTION TO DISMISS COUNT ONE OF THE INFORMATOIN**<br><br>Re: Dkt. No. 10 |

## INTRODUCTION

Defendant Francisco Javier Lopez Madrid ("Defendant") is charged with violations of: (1) 18 U.S.C. § 13, assimilating California Penal Code section 25400(a)(1) - carrying a concealed weapon, a Class A misdemeanor; and (2) 21 U.S.C. § 844(a) - Possession of a Controlled Substance, a Class B misdemeanor. Dkt. No. 1 ("Information"). He now moves to dismiss Count I of the Information on the ground that California Penal Code section 24500(a)(1), and the policies implementing that statute, are facially unconstitutional and burden the Second Amendment right to keep and bear arms as applied in San Francisco. Dkt. No. 10. For the reasons set forth below, the Court DENIES Defendant's Motion to Dismiss Count I of the Information.

## BACKGROUND

On October 6, 2013, at approximately 2:46 p.m., Defendant flagged down United States Park Police Officer William Corn to ask for assistance in recovering his keys from his locked car. Linker Decl., Ex. 3 ("Incident Rpt."), p. 3, Dkt. No. 11.[1] While waiting for a "lock out kit" to arrive, the officer smelled marijuana and inquired when Defendant had last smoked. *Id.* Defendant admitted to smoking marijuana every day. *Id.* When asked if he had any more marijuana, Defendant produced a small bag from his pocket and a jar containing approximately two ounces of marijuana from his backpack. *Id.* Defendant gave Officer Corn permission to

---

[1] Defendant provides the Incident Report for background purposes only, and does not concede the truth or accuracy of the facts contained therein. Linker Decl., ¶ 4.

search his car. *Id.* The search revealed a loaded handgun underneath the driver's seat. *Id.*

Defendant was then arrested, processed and released. *Id.* He was charged with violation of: (1) 18 U.S.C. § 13, assimilating California Penal Code section 25400(a)(1) - carrying a concealed weapon, a Class A misdemeanor; and (2) 21 U.S.C. § 844(a)- Possession of a Controlled Substance, a Class B misdemeanor. Information, at 1. At the time Defendant was arrested, he was 20 years old. Incident Rpt., p. 1. Among other criteria, a person must be at least 21 years of age to be eligible to apply for a concealed weapons permit in San Francisco. Linker Decl., Ex. A ("S.F.P.D. Concealed Carry Permit Pol."), p. 1; Linker Decl., Ex. B ("S.F. Sheriff's Dept. Concealed Carry Permit Pol."), p. 1.[2]

On March 27, 2013, Defendant moved to dismiss Count One of the Information charging

---

[2] The San Francisco's Sheriff's Department and Police Department both issue concealed carry permits. *See* Linker Decl., Exs. A & B. The requirements for showing "good cause" to obtain a license are nearly identical under both policies. *Id.* Both policies require that the applicant provide "convincing evidence" of the following:

> 1. There is a reported, documented, presently existing, and significant risk of danger to life or of great bodily injury to the applicant and/or his or her spouse, domestic partner or dependents;
>
> 2. The danger of harm is specific to the applicant or his or her immediate family and is not generally shared by other similarly situated members of the public;
>
> 3. Existing law enforcement resources cannot adequately address the danger of harm;
>
> 4. The danger of harm cannot reasonably be avoided by alternative measures; and
>
> 4. Licensing the applicant to carry a concealed weapon is significantly likely to reduce the danger of harm.

Linker Decl., Ex. A and B.

In San Francisco, a good cause determination is based on the totality of circumstances for each individual case. *Id.*

The policies are also similar in most other respects, although the San Francisco Sheriff's policy is marginally less restrictive in that it does not require personal character references to prove "good moral character," and does not require that an applicant establish the absence of physical conditions that might negatively impact the exercise of sound judgment. Linker Decl., Ex. A, p. 2-3.

2

him with violation of 18 U.S.C. § 13 pursuant to Federal Rules of Criminal Procedure 12(b)(2) and (3), on the grounds that the charged California Penal Code statute and the policies implementing that statute are facially unconstitutional and burden his Second Amendment right to keep and bear arms. Dkt. No. 10. The Government filed an Opposition on April 15, 2014 (Dkt. No. 12), and Defendant filed a Reply on April 29, 2014 (Dkt. No. 15). The Court heard oral argument on May 22, 2014.

**LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). A motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citations & internal quotations omitted); *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). When considering a pretrial motion to dismiss all or part of an information, the court "must presume the truth of the allegations in the charging instruments." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). A Rule 12(b) motion to dismiss is not the proper way to raise a factual defense. *Nukida*, 8 F.3d at 669 (citing *United States v. Smith*, 866 F.2d 1092, 1096 n. 5 (9th Cir. 1989)).

**DISCUSSION**

Defendant argues that based on the recent Ninth Circuit decision in *Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014), California Penal Code section 25400(a)(1)[3], is unconstitutional as it is applied in San Francisco because it operates as an outright ban on carrying concealed weapons for self-defense, which burdens his Second Amendment right to bear arms. Mot. at 3. The Government argues that the motion should be denied because: (1) *Peruta* did not invalidate section 25400(a)(1); and (2) even if *Peruta* invalidated the portion of San Francisco's concealed carry permit policy which requires an applicant to establish "good cause" for such a

---

[3] Section 25400(a)(1) provides: "(a) A person is guilty of carrying a concealed firearm when the person does any of the following: (1) Carries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person."

3

1  permit, Defendant did not and could not have satisfied the other requirements for obtaining the
2  permit.  Opp'n at 1-2.

3  **A.     Whether Dismissal Is Required under *Peruta***

4  In *Peruta*, citizens who were unable to get a permit to carry a concealed weapon under San
5  Diego's "good cause" requirements filed a federal civil rights action challenging the
6  constitutionality of California Penal Code sections 26150 and 26155 as applied by San Diego
7  County.[4]  *Peruta*, 742 F.3d at 1148.  The Ninth Circuit held that the Second Amendment's
8  guarantee of an individual right to bear arms specifically protects "the carrying of an operable
9  handgun outside the home for the lawful purpose of self-defense."  *Id*. at 1166.  After articulating
10 this right, *Peruta* further held that San Diego County's policies for acquiring a concealed carry
11 permit infringed that constitutional right because the county's "good cause" requirement prevented
12 typical responsible law abiding citizen in San Diego County from bearing arms in public for self-
13 defense:

> In California, the only way that the typical responsible, law-abiding citizen can carry a weapon in public for the lawful purpose of self-defense is with a concealed-carry permit. And, in San Diego County, that option has been taken off the table. The San Diego County policy specifies that concern for "one's personal safety alone" does not satisfy the "good cause" requirement for issuance of a permit. Instead, an applicant must demonstrate that he suffers a unique risk of harm: he must show "a set of circumstances that distinguish [him] from the mainstream and cause[ ] him ... to be placed in harm's way." Given this requirement, the "typical" responsible, law-abiding citizen in San Diego County cannot bear arms in public for self-defense; a typical citizen fearing for his "personal safety"—by definition—cannot " distinguish [ himself ] from the mainstream."

21 *Id.* at 1169.

22 Based on this reasoning, Defendant contends that the San Francisco "good cause" policy is

---

[4] California law delegates to each city and county the power to issue a written policy setting forth the procedures for obtaining a concealed-carry license.  Cal. Pen. Code § 26160.  In San Diego, the County policy specifies that concern for "one's personal safety alone" does not satisfy the "good cause" requirement for issuance of a permit.  *Peruta*, 742 F.3d at 1169.  Instead, "an applicant must demonstrate that he suffers a unique risk of harm: he must show 'a set of circumstances that distinguish [him] from the mainstream and cause[ ] him ... to be placed in harm's way.'"  *Id*.  Given this requirement, a typical citizen fearing for his "personal safety"—by definition—cannot "distinguish [ himself ] from the mainstream."  *Id*.

4

1  unconstitutional because it is similar to the San Diego County policy. Mot. at 2. Defendant
2  further argues that *Peruta* holds that such a ban is unconstitutional unless there are sufficient
3  exceptions to allow the typical law abiding citizen to bear arms in public for the purpose of self-
4  defense. Reply at 3 (citing *Peruta*, 742 F.3d at 1169). In San Francisco, as in *Peruta,* the only
5  way a typical law abiding citizen can exercise this right is by obtaining a permit. *Id*. Defendant
6  thus concludes that if San Francisco's concealed carry licensing policies are unconstitutional, the
7  California state law regulating the concealed carrying of weapons without a permit is likewise
8  unconstitutional as it is applied in San Francisco. *Id*.

The Government counters that Defendant's facial challenge lacks merit because *Peruta* did not invalidate California's firearms regulatory scheme, but only the restrictive "good cause" interpretation in San Diego County's policy. Opp'n at 1-2. The Government maintains that Defendant's argument is thus premised on a faulty syllogism, because the alleged unconstitutionality of a portion of the statute for obtaining a concealed carry permit as applied in San Francisco does not affect the constitutionality of California's ability to regulate the concealed carry of firearms in general. *Id.* at 2-3. The Court agrees that Defendant's argument lacks merit.

In moving for dismissal, Defendant relies on the same argument that the *Peruta* majority rejected, namely that the "challenge to San Diego County's 'good cause' policy fails unless [the Court] consider[s] California's regulatory scheme in its entirety" and that the case "indirectly implicates the constitutionality of the entire California firearm regulation scheme." *Peruta*, 742 F.3d at 1195-96 (Thomas, J., dissenting). The majority opinion expressly rejected this as a strawman argument, because the ruling in *Peruta* "is not an attack trained on a restriction against concealed carry as such, or viewed in isolation," but specific to the constitutionality of the "good cause" provision, as applied in San Diego County.[5] *Id*. at 1171, 1173 n 19 ("The dissent curiously

---

[5] Defendant counters that the Government misapprehends the majority's comment because the holding applies to invalidate the California statutory scheme only as applied in counties that have implemented a policy that fails to pass constitutional muster, not the state scheme as a whole. Reply at []. The Court disagrees, as the nature of the challenge in *Peruta* was to the county's application of the "good cause" provision of its permitting policy, not the state's ability to regulate the concealed carrying of firearms. *Peruta*, 742 F.3d at 1171 (The issue is whether the "San Diego County policy in light of the California licensing scheme as a whole violates the Second

misinterprets our opinion as ruling on the constitutionality of California statutes. We decline to respond to its straw-man arguments."). In keeping with this reasoning, the majority emphasized that "regulation of the right to bear arms is not only legitimate but quite appropriate. . . . Nor should anything in this opinion be taken to cast doubt on the validity of measures designed to make the carrying of firearms for self-defense as safe as possible, both to the carrier and the community," i.e., the state statutory scheme regulating concealed carry in general. *Id*. at 1178. Accordingly, the Court finds that *Peruta* does not mandate dismissal based on the constitutionality of California Penal Code section 25400.

**B.     California Penal Code Section 25400 Is Not Unconstitutional as Applied to Defendant**

The Government next asserts that Defendant's argument is faulty because even if the Court found that the San Francisco "good cause" policy to be invalid under *Peruta*, it would not result in dismissal of the charges against Defendant, since he could not have met the other objective criteria for obtaining a permit at the time of his arrest. Opp'n at 3. Based on this argument, the Government contends that Defendant cannot establish that California Penal Code section 25400, as applied in San Francisco, unconstitutionally infringed on his Second Amendment right to bear arms for the purpose of self-defense. *Id*. at 3. The Court agrees with the Government.

*Peruta* holds that the Second Amendment requires that the states permit some form of carry for self-defense outside the home. *Peruta*. at 1172. However, the Second Amendment right announced in *Peruta* is not "unlimited." *Id.* (citing *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008)). "It is 'not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'" *Id*. (citing *Heller,* 554 U.S. at 626).

At the time of his arrest, Defendant could not have met the basic, objective eligibility requirements of the San Francisco Police Department and Sheriff's Department concealed carry licensing policies. At a minimum, to be eligible for a concealed carry license under either policy, an applicant must be at least 21 years of age at the time the application is submitted. Linker Decl., Exs. A & B at 2-3. Defendant was 20 at the time of his arrest on concealed weapons charges. *Id.*,

---

Amendment".)

Ex.C, at p. 1.  An applicant must also prove lawful ownership of the firearm.  *Id.*, Exs. A and B at 3 ("The applicant must establish legal ownership and registration of the weapon to be licensed.").  The firearm was not registered to Defendant, and he could not prove ownership of the firearm.  Wolf Decl., Ex. A to Opp'n, at ML0003.

For these reasons, the Court is not persuaded by Defendant's argument that Count One of the Information must be dismissed.  Regardless of whether the "good cause" provision in San Francisco's policy is constitutional, Defendant cannot establish that his Second Amendment right to bear arms was infringed by the application of this policy because he was ineligible to apply for a concealed carry permit based on objective criteria such as age and lawful ownership.  Instead, Defendant has established that unlike the plaintiffs in *Peruta*, he could not meet even the most basic of the City's eligibility requirements at the time of his arrest.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count One of the Information is DENIED.

**IT IS SO ORDERED.**

Dated: June 25, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge